# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEREMY CLARK,
  Plaintiff,

 v.              Case No. 21-C-832

MARY MOORE, LAURA SUKOWATY,
and CHERYL A. JEANPIERRE,
  Defendants.

## ORDER

  Jeremy Clark, who is confined at the Waupun Correctional Institution (WCI), filed a *pro se* amended complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 9. The plaintiff has filed a second motion for appointment of counsel and request for reconsideration of the court's order denying his first motion to appoint counsel. ECF No. 25.

  In support of his motion, the plaintiff refers the court to his first motion to appoint counsel which he says speaks to the "enormous difficulty he will encounter attempting to litigat[e] this action himself if counsel is not appointed." ECF No. 25. He also filed a declaration in which he clarifies that he did not personally draft any of the documents he filed in this case so far "as the requirements thereof extend and/or reach far beyond my legal knowledge and understanding." ECF No. 26.

  In his first motion to appoint counsel, the plaintiff stated that the complexity of this case and his mental illnesses, which include dyslexia, antisocial disorder, posttraumatic stress disorder, unspecified anxiety disorder, unspecified depressive disorder, and learning disability, would make it very difficult to litigate this case himself. ECF No. 14 at

2. He said that he sought a lawyer to assist in: understanding the court's rules, functions, and procedures; preparing legal documents; placing all debates in the proper perspective for the court; dealing with the defendants' lawyers; explaining the applicable principles; and limiting litigation to the potentially meritorious issues. *Id.* The plaintiff also stated that he tried to find a lawyer on his own and he provided the names of three lawyers he contacted. *Id.*

> In denying the plaintiff's first motion to appoint counsel, the court stated:
>
> The plaintiff has satisfied the first prong of the recruitment of counsel standard in that he has made a reasonable attempt to find a lawyer on his own. However, his case filings show that he is capable of proceeding on his own at this stage. The plaintiff filed a detailed complaint, motion for reconsideration, and amended complaint. His motion to appoint counsel cites extensive case law and includes a declaration. The plaintiff's filings demonstrate that he is articulate, understands his clams, and can advocate for himself. If the plaintiff needs more time to complete discovery or engage in pretrial motion practice, he may file a motion for extension of time. Based on the foregoing, I will deny without prejudice the plaintiff's motion to appoint counsel.

ECF No. 19 at 3-4.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago*

*Transit Authority*, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Eagan*, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett*, 930 F.3d at 871.

The court reiterates that the plaintiff has satisfied the first requirement of making a reasonable attempt to find a lawyer on his own. Turning to the difficulty of the case and

the plaintiff's competence, the plaintiff is proceeding on the following medical care claims: (1) an Eighth Amendment claim against the defendants in their individual capacities based on his allegations that they continued to prescribe him Celebrex for his right foot pain, despite knowing that it was ineffective and that his surgeon recommended another pain medication, and that they delayed examining him; (2) an Eighth Amendment official capacity claim against Sukowaty based on allegations that WCI's healthcare system is inadequate because it has only one or two healthcare providers for over 1,000 inmates; and (3) and state law medical malpractice claims against the defendants. ECF No. 17 at 6.

In resolving the plaintiff's motion, I am required to examine the plaintiff's "personal ability to litigate the case, versus the ability of the 'jailhouse lawyer'" who assisted the plaintiff. *McCaa v. Hamilton*, 893 F.3d 1027, 1033 (7th Cir. 2018) (quoting *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014)). However, I am unable to evaluate the plaintiff's competence to litigate on his own given his statement that another inmate has drafted all the filings in this case. "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). While the plaintiff states that his mental illnesses will make it very difficult to litigate this case himself and he is proceeding on medical care claims that are potentially more complex than the average prisoner civil rights claim, I am not convinced this means he needs a lawyer at this time because I cannot determine *the plaintiff's* competence without more information from the plaintiff regarding his abilities.

4

The court recently entered a scheduling order setting deadlines for the completion of discovery and the filing of dispositive motions. During discovery, the plaintiff may ask the defendants to provide him with information that he believes he needs to prove his claims. He may ask the defendants up to twenty-five written questions (called interrogatories in the Federal Rules) and he may ask them to give him documents that they have in their possession. *See* Fed. R. Civ. P. 33 and 34; Civil L.R. 33. The defendants may object to a request to the extent they believe the request is improper. If the plaintiff does not agree with an objection, he should try to informally resolve the dispute with the defendants' lawyer. *See* Civil L.R. 37. Most parties are able to resolve discovery disputes without the court's involvement. If he and the defendants' lawyer are unable to resolve the dispute on their own, he may file a motion asking the court to get involved. If the plaintiff asks the court to get involved, he must describe the discovery dispute in detail and explain what efforts the parties made to resolve the dispute before involving the court. As a reminder, although the plaintiff should direct his discovery requests to the defendants, he must mail his discovery requests to their lawyer (Kevin Grzebielski, Wisconsin Department of Justice, Office of the Attorney General, 17 W. Main Street, PO Box 7857, Madison, Wisconsin 53707-7857).

The plaintiff should attempt to engage in discovery with the defendants. If he is unable to do so, he may submit more information about *his ability* to conduct discovery and respond to a motion for summary judgment, along with a renewed motion to appoint counsel. However, I will deny his motion for reconsideration and deny without prejudice his second motion to appoint counsel.

5

For the reasons stated, **IT IS ORDERED** that the plaintiff's second motion to appoint counsel (ECF No. 25) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for reconsideration (ECF No. 25) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of March, 2022.

        s/Lynn Adelman_____
        LYNN ADELMAN
        United States District Judge

Case 2:21-cv-00832-LA   Filed 03/03/22   Page 6 of 6   Document 29